IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

**BARBARA FLACK**                                                                  **PLAINTIFF**

vs.                                No. 2:20-cv-2084-PKH

**MERCY HOSPITAL FORT SMITH**                            **DEFENDANT**

## ORIGINAL COMPLAINT

COMES NOW Plaintiff Barbara Flack ("Plaintiff"), by and through her attorneys Daniel Ford and Josh Sanford of Sanford Law Firm, PLLC, and for her Original Complaint against Mercy Hospital Fort Smith ("Defendant"), she does hereby state and allege as follows:

### I. JURISDICTION AND VENUE

1. The United States District Court for the Western District of Arkansas has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the FLSA.

2. Plaintiff's claims under the AMWA form part of the same case or controversy and arise out of the same facts as the FLSA claims alleged in this Complaint. Therefore, this Court has supplemental jurisdiction over Plaintiff's AMWA claims pursuant to 28 U.S.C. § 1367(a).

3. Defendant conducts business within the State of Arkansas, operating and managing a hospital in the Western District of Arkansas.

4. Venue lies properly within this Court under 28 U.S.C. § 1391(b)(1) and (c)(2), because the State of Arkansas has personal jurisdiction over Defendant, and Defendant therefore "resides" in Arkansas.

5. Plaintiff was employed by Defendant at its facility located in the Fort Smith Division of the Western District of Arkansas.

6. The acts alleged in this Complaint had their principal effect within the Fort Smith Division of the Western District of Arkansas, and venue is proper in this Court pursuant to 28 U.S.C. § 1391.

## II. THE PARTIES

7. Plaintiff is a citizen of the United States and a resident and domiciliary of Sebastian County.

8. Defendant Mercy Hospital Fort Smith ("Mercy") is a domestic nonprofit corporation.

9. Mercy also does business as Mercy Home Health, Mercy Hospice and Mercy Orthopedic Hospital Forth Smith.

10. Mercy's registered agent for service is Corporation Service Company at 300 Spring Building, Suite 900, 300 South Spring Street, Little Rock, Arkansas 72201.

## III. FACTUAL ALLEGATIONS

11. Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully incorporated in this section.

12. Defendant's annual gross volume of sales made or business done was not less than $500,000.00 (exclusive of excise taxes at the retail level that

are separately stated) during each of the three calendar years preceding the filing of this Complaint.

13. During each of the three years preceding the filing of this Complaint, Defendant had at least two employees handling, selling, or otherwise working on goods or materials that had been moved in or produced for commerce by any person, such as medical supplies.

14. During each of the three years preceding the filing of this Original Complaint, Defendant continuously employed at least four (4) employees.

15. Defendant is an "employer" within the meanings set forth in the FLSA and AMWA, and was, at all times relevant to the allegations in this Complaint, Plaintiff's employer.

16. At all times material herein, Plaintiff has been entitled to the rights, protections and benefits provided under the FLSA and the AMWA.

17. Defendant operates a hospital in Fort Smith.

18. Plaintiff worked for Defendant as a physical therapist from July of 2017 until March of 2020.

19. Plaintiff was hired as a salaried employee but was switched to hourly pay in March of 2018.

20. Plaintiff was primarily responsible for physically rehabilitating patients and completing paperwork related to treatment of patients.

21. Plaintiff regularly worked in excess of forty (40) hours in a week.

22. As an hourly employee, Plaintiff regularly worked hours for which she was not paid. Specifically, Plaintiff was not compensated for time she spent

completing paperwork before her first patient of each day arrived and after her last patient of each day left.

23. Plaintiff estimates that when she was an hourly employee, she worked two (2) hours each day that went uncompensated.

24. Because Plaintiff worked hours which went uncompensated, Defendant failed to pay Plaintiff a lawful overtime premium for all hours worked over forty each week.

25. Defendant willfully failed to pay an overtime premium to Plaintiff during the time period relevant to this Complaint.

### IV. FIRST CAUSE OF ACTION—Violation of the FLSA

26. Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully incorporated in this section.

27. Plaintiff asserts this claim for damages and declaratory relief pursuant to the FLSA, 29 U.S.C. § 201, *et seq.*

28. At all relevant times, Defendant was Plaintiff's "employer" within the meaning of the FLSA, 29 U.S.C. § 203.

29. At all relevant times, Defendant has been, and is, an enterprise engaged in commerce within the meaning of the FLSA, 29 U.S.C. § 203.

30. 29 U.S.C. §§ 206 and 207 require any enterprise engaged in commerce to pay all employees a minimum wage for all hours worked up to 40 in one week and 1.5x their regular wages for all hours worked over forty (40) hours in a week, unless an employee meets certain exemption requirements of 29 U.S.C. § 213 and all accompanying DOL regulations.

31. While Plaintiff was an hourly employee, Defendant classified Plaintiff as non-exempt from the overtime requirements of the FLSA.

32. Defendant did not pay Plaintiff for all hours worked, including hours worked over forty each week.

33. By the acts and conduct described above, Defendant willfully violated the provisions of the FLSA and disregarded the rights of Plaintiff to receive overtime pay.

34. Defendant's conduct and practices, as described above, were willful, intentional, unreasonable, arbitrary, and in bad faith.

35. By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiff for monetary damages, liquidated damages, and costs, including reasonable attorneys' fees, for all violations that occurred within the three (3) years prior to the filing of Plaintiff's Original Complaint.

### V.   SECOND CAUSE OF ACTION—Violation of the AMWA

36. Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully incorporated in this section.

37. Plaintiff asserts this claim for damages and declaratory relief pursuant to the AMWA, Ark. Code Ann.§§ 11-4-201 *et seq*.

38. At all relevant times, Defendant was Plaintiff's "employer" within the meaning of the AMWA, Ark. Code Ann. § 11-4-203(4).

39. AMWA Sections 210 and 211 require employers to pay all employees a minimum wage for all hours worked up to forty (40) in one week and to pay 1.5x their regular wages for all hours worked over forty hours in a

week, unless an employee meets the exemption requirements of 29 U.S.C. § 213 and accompanying DOL regulations.

40. During the period relevant to this lawsuit, Defendant classified Plaintiff as non-exempt from the overtime requirements of the AMWA.

41. Defendant failed to pay Plaintiff an overtime premium for all hours worked in excess of forty (40) per week.

42. Defendant did not pay Plaintiff for all hours worked, including hours worked over forty (40) each week.

43. By the acts and conduct described above, Defendant willfully violated the provisions of the AMWA and disregarded the rights of Plaintiff to receive overtime pay

44. Defendant's conduct and practices, as described above, were willful, intentional, unreasonable, arbitrary, and in bad faith.

45. By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiff for monetary damages, liquidated damages, and costs, including reasonable attorneys' fees, for all violations that occurred within the three (3) years prior to the filing of this Complaint pursuant to Ark. Code Ann. § 11-4-218.

### VI. PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiff Barbara Flack respectfully prays as follows:

A. That Defendant be summoned to appear and answer;

B. That Defendant be required to account to Plaintiff and the Court for all of the hours worked by Plaintiff and all monies paid to her;

D. A declaratory judgment that Defendant's practices alleged herein violate the FLSA, 29 U.S.C. § 201, *et seq.*, and attendant regulations at 29 C.F.R. § 516, *et seq.*;

E. A declaratory judgment that Defendant's practices alleged herein violate the AMWA, Ark. Code Ann. § 11-4-201, *et seq.* and related regulations;

F. Judgment for damages for all unpaid overtime compensation owed to Plaintiff under the FLSA, 29 U.S.C. § 201, *et seq.*, and attendant regulations at 29 C.F.R. § 516 *et seq.*;

G. Judgment for damages for all unpaid overtime compensation owed to Plaintiff under the AMWA, Ark. Code Ann. § 11-4-201, *et seq.* and 4-144-405, and the related regulations;

H. Judgment for liquidated damages pursuant to the FLSA, 29 US.C. § 216, in an amount equal to all unpaid compensation owed to Plaintiff during the applicable statutory period;

I. Judgment for liquidated damages pursuant to the AMWA, Ark. Code Ann. § 11-4-201, *et seq.*, and the relating regulations;

J. For a reasonable attorneys' fee, costs, and interest; and

K. Such further relief as this Court may deem just and proper.

Respectfully submitted,

**PLAINTIFF BARBARA FLACK**

SANFORD LAW FIRM, PLLC
ONE FINANCIAL CENTER
650 SOUTH SHACKLEFORD, SUITE 411
LITTLE ROCK, ARKANSAS 72211
TELEPHONE: (501) 221-0088
FACSIMILE: (888) 787-2040

_____
Daniel Ford
Ark. Bar No. 2014162
daniel@sanfordlawfirm.com

_____
Josh Sanford
Ark. Bar No. 2001037
josh@sanfordlawfirm.com